# Wheeling.

### ALLEN T. CAPERTON *vs.* CHRISTOPHER M. NICKEL.

#### January Term, 1870.

1. On the calling of a case for trial, the court below sustained a motion made by the defendant, to quash the panel or array of jurors, because they were not summoned according to law, and ordered the sheriff to forthwith summon a sufficient number of qualified jurors for the trial of the case, and instructed him that, in summoning such jurors he was not bound to exclude any juror upon the ground that he had been one of the panel or array before quashed, if there were no other objections to him as a juror. HELD:

> That there was no error in the directions of the court to the sheriff, nor in summoning jurors who had been previously summoned as the panel or array for the term, which, on motion of the defendant, had been quashed.

2. A case adjudicating the same questions in relation to "belligerent rights" and the plea of the statute of limitations, as the case of *Caperton* vs. *Martin, infra.*

This case arose in Monroe county. The declaration was filed at August rules, 1866, and alleged false arrest and imprisonment by the defendant. The case was analagous, as to the pleadings, to the case of *Caperton* vs. *Martin*. The only other question in the case is stated by Judge Berkshire in his opinion.

The trial was had in July, 1867.

Hon. N. Harrison, Judge of the circuit court of Monroe, presided on the trial of the case.

*Lee* and *Boggess* for the plaintiff in error.
*Stanton & Allison* for the defendant in error.

BERKSHIRE, J.   All the errors assigned in this case, except the first, were considered and overruled in the case of *Caperton* vs. *Martin, infra.*   It is, therefore, unnecessary to consider them here.

The error which we are required to consider, relates to the manner in which the jury that tried the case was summoned.

It appears that when this case was called for trial, the defendant moved the court to quash the panel or array of jurors which had been summoned for the term, upon the ground that the jurors aforesaid had not been summoned according to law. The court sustained the motion and set aside the said panel or array, and thereupon ordered the sheriff of the county to summon forthwith a sufficient number of qualified jurors for the trial of said cause, and instructed the sheriff that in summoning said jurors he was not bound to exclude any juror on the ground that he had been one of the panel or array before quashed, if there were no other objections to him as a juror.

It is to the ruling of the court directing or notifying the sheriff that he was not required to exclude the former jurors, in making up the jury to try the present case, that the plaintiff in error mainly complains of.  The law then providing the mode of summoning jurors for the term of each circuit court is the 10th section of chapter 120 of the act of the 4th of November, 1863; which act amends and re-enacts certain sections of chapter 162 of the Code of 1860.

The 14th section of this chapter of the Code, however, was not repealed or amended by the act first cited, and was, therefore, the law governing the case at the time of the trial. It provides that "nothing contained in the preceding sections shall prevent any court from issuing writs of *venire facias* in term time for additional jurors, or requiring other jurors to be summoned whenever it shall be found necessary for the convenient dispatch of business, &c."

The authority of the court to require the jurors, in this instance, to be summoned for the "convenient dispatch of

business," is clearly conferred by this section. But the law is silent as to who may be summoned by the sheriff, and how and where they are to be summoned; and in the absence of any legal restrictions or directions to guide the sheriff in the discharge of such duty, I think it very clear, that it was competent for him to summon any qualified juror he might choose, and I can see no possible objection to summoning jurors from among those who constituted the panel or array that had been set aside because not made up and summoned according to law.

They had doubtless been summoned from different parts of the county in which the case was tried, and were, therefore, more likely to be proper and suitable jurors than the by-standers, which the sheriff would otherwise be compelled or authorized to summon.

I do not, therefore, perceive any error in the direction given by the court to the sheriff, nor in summoning jurors who had been previously summoned, as the panel or array for the term which, on the defendant's motion, had been quashed.

The judgment, in my opinion, should be affirmed with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.